**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABOUBAKR SALAHELDIN MOHAMED ABDELG,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   18-73393<br><br>Agency No. A209-789-819<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Aboubakr Salaheldin Mohamed Abdelg, a native and citizen of Egypt,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

  *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Abdelg suffered in Egypt, even considered cumulatively, did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (brief detention, beating and interrogation did not compel a finding of past persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (record did not compel the finding that petitioner experienced past persecution); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution based on a protected ground); *Zehatye*, 453 F.3d at 1186 ("mere economic disadvantage alone, does not rise to the level of persecution" (citation omitted)). Substantial evidence also supports the agency's determination that Abdelg failed to establish a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Abdelg's asylum claim fails.

In this case, because Abdelg failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190. Thus, Abdelg's withholding of removal claim fails.

18-73393

Substantial evidence supports the agency's denial of CAT relief because Abdelg failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Egypt. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

18-73393